IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUVENAL RIOS, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v<br><br>AIRBORNE EXPRESS INC, et al,<br><br>    Defendant.<br>_____/ | No   C-05-2092 VRW<br><br>Related to case no<br>C-05-2203 VRW<br><br>ORDER |

        Juvanal Rios, class representative in this putative class action, has filed notices of voluntary dismissal pursuant to FRCP 41(a)(1).  Doc #75 of 05-2092; Doc #62 of 05-2203.

        FRCP 23(e)(1)(B) provides that the court "must direct notice in a reasonable manner to all class members who would by bound by a proposed settlement, voluntary dismissal, or compromise."  FRCP 23(e)(1)(B).  Accordingly, to implicate the mandatory notice rule, the dismissal must "bind the class through claim or issue preclusion."  See Rule 23(e), Advisory Committee Notes.

//

When FRCP 23(e) does not apply, the court has discretion to compel notice to other class members under FRCP 23(d)(2) ("the court may make appropriate orders * * * requiring, for the protection of the members of the class or otherwise for the fair conduct of the action, that notice be given in such manner as the court may direct to some or all of the members of any step in the action"). This discretion is appropriate when the lack of notice induces other class members to rely on the activity of the class representative, thereby prejudicing their ability to bring independent actions on their claims. Shelton v Pargo, Inc, 582 F2d 1298, 1314 (4th Cir 1978); see also Wright & Miller, Federal Practice and Procedure § 1797.6.

For both cases here, plaintiff dismisses the class allegations without prejudice. Doc #75 of 05-2092; Doc #62 of 05-2203. Hence, this voluntary dismissal does not preclude other class members from bringing suit and does not trigger Rule 23(e)'s mandatory notice rule. Nevertheless, plaintiff fails to show that voluntary dismissal does not prejudice absent class members by having induced their reliance on the pendency of these actions.

//
//
//
//
//
//
//
//
//

Accordingly, plaintiff is ORDERED to submit an application, not to exceed twenty pages, supporting his request for the court's approval of voluntary dismissal of these actions on or before August 31, 2006.  The application shall explain how potential prejudice to class members who may have relied on the pendency of these actions can be avoided, through notice to the putative class or that notice is not necessary in the present case.

IT IS SO ORDERED.

VAUGHN R WALKER

United States District Chief Judge